UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| RICHARD J. FISCHER, ET AL | CIVIL ACTION |
| VERSUS | NO. 07-4092 |
| STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, ET AL | SECTION "C" (3) |

ORDER AND REASONS

This matter comes before the Court on the issue whether the minimum jurisdictional amount was in controversy at the time of removal in this diversity matter. Having considered the record, the memoranda of counsel and the law, the Court has determined that it lacks subject matter jurisdiction for the following reasons.

The plaintiffs seek damages for personal injuries allegedly sustained in an automobile accident on May 31, 2006.  Suit was filed on May 30, 2007, in state court and subsequently removed on the basis of diversity.  The plaintiffs asked for a trial by jury in state court.

The parties may neither consent to nor waive federal subject matter jurisdiction. Simon v. Wal-Mart Stores, Inc., 193 F.3d 848 (5th Cir. 1999).  Bare assertions by the removing party are insufficient to invest a federal court of jurisdiction.  Asociacion

Nacional De Pescadores A Pequena Escala O Artesanales De Colombis (ANPAC) v. Dow Quimica De Colombia, S.A., 988 F.2d 559 (5th Cir. 1993), cert. denied, 114 S.Ct. 685 (1994). Instead, the Fifth Circuit advises the district courts that they should review their subject matter jurisdiction in cases such as this. Id.; Luckett v. Delta Airlines, Inc., 171 F.3d 295 (5th Cir. 1999). In order to remain in federal court, the removing parties must prove by a preponderance of the evidence that the jurisdictional minimum exists. Id. This showing may be made by either: (1) demonstrating that it is facially apparent that the claims are likely above the jurisdictional minimum; or (2) setting forth the facts in controversy that support a finding of the jurisdictional minimum. Id. It is the recognized burden of the party invoking jurisdiction "both to allege with sufficient particularity the facts creating jurisdiction, in view of the nature of the right asserted, and, if appropriately challenged, or if inquiry be made by the court of its own motion, to support the allegation." St. Paul Mercury Indemnity Co. v. Red Cab Co., 303 U.S. 283, 287, fn. 10 (1938), citing, McNutt v. General Motors Corp., 298 U.S. 178, 182-189 (1936); Diefenthal v. Civil Aeronautics Board, 681 F.2d 1039 (5th Cir. 1982), cert. denied, 459 U.S. 1107 (1983).

The existence of the jurisdictional minimum is not facially apparent from the face of the petition. State Farm Mutual Automobile Insurance Company ("State Farm")

submits that the plaintiff is claiming a cervical disc herniation at two levels.  According to the plaintiffs, at the time of removal they were seeking recovery of $53,180.00 in UM/UIM coverage under the policy.  The plaintiffs also state that Richard Fischer's physician recommended a two-level anterior cervical fusion, but the surgery was postponed.

The Court's reading of the exhibits attached to the defendant's memorandum do indicate disc protrusion, but contain no recommendation for surgery.  More than sixteen months have passed since the accident and no surgery has occurred.  No medical bills are submitted.  Even assuming that the full remaining policy limits of $53,180.00 are in issue, the Court finds that the defendant has not met its burden of establishing jurisdiction at the time of removal.

In addition, the Court is mindful that removal jurisdiction is strictly construed. See: Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100 (1941); Brown v. Demco, Inc., 792 F.2d 478 (5th Cir. 1986); Butler v. Polk, 592 F.2d 1293 (5th Cir. 1979); C. Wright, A. Miller & E. Cooper, 14B *Federal Practice & Procedure: Civil*, §3721.  When subject matter jurisdiction is doubtful, remand is appropriate.  C. Wright, A. Miller & E. Cooper, 14C *Federal Practice & Procedure: Civil*, §3739.

Accordingly,

IT IS ORDERED that this matter be and hereby is REMANDED to the Civil District Court for the Parish of Orleans, State of Louisiana, due to a lack of subject matter jurisdiction under 28 U.S.C. § 1447(c).

New Orleans, Louisiana, this 4th day of October, 2007.

                                                HELEN G. BERRIGAN
                                                UNITED STATES DISTRICT JUDGE